OPINION OF THE COURT
Per Curiam.
Order entered October 7, 1988 modified by granting defendant’s cross motion for summary judgment dismissing the complaint; as modified, order affirmed, with $10 costs to defendant-cross-appellant.
In this action plaintiff issuing bank sues to recover the proceeds of a letter of credit paid to defendant as beneficiary. Upon defendant’s presentation of the requisite documents, plaintiff issued its draft to defendant, which was paid. The bank’s customer (for whom the letter of credit had been opened) refused to accept delivery from defendant of the goods in question, and subsequently refused to reimburse the plaintiff on the ground that plaintiff had paid on nonconforming documents — to wit, an alleged discrepancy in the shipping date in the bill of lading tendered by defendant. Plaintiff claims that defendant breached its warranties under Uniform Commercial Code § 5-111 (1) by presenting documents which failed to comply with the terms and conditions of the letter of credit.
Special Term denied the respective motions of the parties for summary judgment, finding factual issues as to whether defendant fully complied with all the conditions of the credit and as to the date the goods were actually shipped by defendant to the purchaser. Contrary to the conclusion reached below, we find no material or dispositive facts in dispute, and further find on the record before us that defendant is entitled to a summary dismissal of the complaint.
The letter of credit, by its own terms, was made subject to the Uniform Customs and Practice for Documentary Credits (1983 rev [hereafter UCP]). In consequence, the credit in the instant transaction is not governed by the provisions of article 5 of the Uniform Commercial Code (UCC 5-102 [4]). Pursuant *982 to the scheme set forth in the UCP, the issuing bank has a "reasonable time” to examine the documents presented to it in order to determine whether to take up such documents or refuse them and claim that they are not in accordance with the terms and conditions of the credit. If the bank decides to refuse the documents it must give notice to that effect "without delay” to the beneficiary, stating the discrepancies which caused it to refuse, and advising as to whether it is holding the documents at the disposal of, or is returning them to, the beneficiary. If the bank fails to observe this procedure, it "shall be precluded from claiming that the documents are not in accordance with the terms and conditions of the credit” (UCP art 16 [e]).
Here, the plaintiff made the affirmative determination to take up the documents and issued payment. It did not follpw the steps outlined above for rejection of the documents and notification "without delay” to the defendant beneficiary. Indeed, it does not appear that any complaint concerning alleged deficiencies in the documents was registered until approximately one month after plaintiff’s acceptance of the documents and payment thereon. In this posture, the plaintiff, which had the opportunity to examine the documents before making the determination to take them up, is now "precluded” under the UCP from asserting a claim against the defendant premised upon the nonconformity of the documents (see generally, Bank of Cochin v Manufacturers Hanover Trust Co., 808 F2d 209 [2d Cir 1986]; Dolan, Letters of Credit fl 6.06 [1] [b], at S6-29 — S6-34 [1989 Cum Supp No. 2]).
Notwithstanding plaintiff’s concession that the UCP applies to this transaction and that there is no warranty provision contained therein analogous to section 5-111 of the Uniform Commercial Code, plaintiff argues that it may maintain this action under UCC 5-111 because such relief is not barred by, or inconsistent with, the provisions of the UCP (United Bank v Cambridge Sporting Goods Corp., 41 NY2d 254, 258, n 2). We disagree. As noted by the Practice Commentary, the warranties created in section 5-111 represent "an extension” of the precode law (Harfield, Practice Commentary, McKinney’s Cons Laws of NY, Book 62 Vi, Uniform Commercial Code § 5-111, at 677), and have not been incorporated in the UCP. Plaintiff cannot invoke the Uniform Commercial Code to assert a claim which has been precluded under the UCP because plaintiff, as issuing bank, failed to assert the noncompliance of documents in a timely fashion.
*983 It is finally noted that there is no evidence that defendant tendered fraudulent or forged documents. The complaint is framed solely in terms of breach of warranty.
Ostrau, P. J., Parness and McCooe, JJ., concur.